# FINDER AND CUOMO, LLP
COUNSELLORS AT LAW
9 EAST 38TH STREET
NEW YORK, NEW YORK 10016

(212) 448-9933

FAX (212) 448-9943

LONG ISLAND OFFICE
68 SOUTH SERVICE ROAD
SUITE 100
MELVILLE, NEW YORK 11747
(631) 465-2187
FAX (631) 465-2188

PLEASE RESPOND TO NEW YORK OFFICE

```
USDS S...
DOCU...
ELECT... ALLY FILED
DOC #: _____
DATE FILED: 10/14/09
```

October 9, 2009

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1030
New York, New York  10007-1312

Re:   John J. Brooks v. Wildlife Conservation Society
      Docket No.: 08 CIV 4370 (JGK)

Dear Judge Koeltl:

Our firm represents the defendant in the above-captioned matter. In that regard, please find enclosed a Subpoena directed to the New York Police Department ("NYPD") for documents related to the plaintiff.

During plaintiff's deposition on September 22, 2009, he admitted being terminated by the NYPD after an administrative hearing in 1995. Plaintiff also admitted being indicted in 1993 for grand larceny auto, and thereafter placed on administrative duty for two years up until his termination. He was also stripped of the police portion of his pension and given a return of his pension contributions.

I would utilize the documents requested to explore whether plaintiff provided untruthful testimony in his deposition and to obtain information for impeachment purposes.

I am proceeding by way of a judicially endorsed subpoena, having previously submitted a FOIL request with negative results.

Respectfully,

Patrick W. McGinley

PWM:kc
Encl.

*[Handwritten notes:]* (1) Notice should be provided to the plaintiff before seeking the subpoena from the Court. Cf. Fed. R. Civ. P. 45(b)(1). (2) An attorney can sign a subpoena, and thus this Court-ordered subpoena is not necessary, unless the Police Department requires it. See Fed. R. Civ. P. 45(a)(3). So ordered. JGKoeltl U.S.D.J. 10/14/09

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| John Brooks | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  08 Civ 4370 (JGK) |
| Wildlife Conservation Society | ) |
|  | ) (If the action is pending in another district, state where: |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:  New York City Police Department
     1 Police Plaza, New York, NY 10038

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHED LIST OF DOCUMENTS FOR PRODUCTION

| Place: Finder and Cuomo, LLP<br>9 East 38th Street, 3rd Floor, New York, NY 10016 | Date and Time:<br>11/16/2009 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

                    CLERK OF COURT
                                           OR
_____    _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____Wildlife Conservation Society_____ , who issues or requests this subpoena, are:

Patrick W. McGinley, Finder and Cuomo, LLP, 9 East 38th Street, 3rd Floor, New York, NY 10016,
pmcginley@finderandcuomo.com, (212) 448-9933

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN BROOKS,                                            SUBPOENA FOR
                                                        PRODUCTION OF
                    Plaintiff,                  DOCUMENTS

    -against-
                                                        Civil Case No.:
WILDLIFE CONSERVATION SOCIETY,                          08 Civ 4370 (JGK)

                    Defendant.
-------------------------------------------------------------------X

(1) Complete copy of personnel file of John Brooks, DOB 3/16/51, SS# 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;

(2) all documents containing Brooks's pension information;

(3) all documents relating to termination of the New York City Police Department's portion of Brooks's pension benefits;

(4) all documents relating to Brooks's termination from the New York City Police Department in or about 1995; and,

(5) all documents relating to the internal departmental hearing/trial of Brooks in or about 1995.

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. 08 Civ 4370 (JGK)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____ was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____ on *(date)* _____; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____; or

☐ other *(specify)*:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).